```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


LEONARD DONALD,                )
                               )
          Plaintiff,           )
                               )
v.                             )
                               )     CIVIL ACTION NO.
                               )     12-10397-DPW
LUIS SPENCER, ET AL            )
                               )
          Defendants.          )
```

### MEMORANDUM AND ORDER
### March 29, 2013

The plaintiff in this prisoner's pro se action claims that his rights were violated when he was placed in the Departmental Disciplinary Unit in the Massachusetts Correctional Institution - Cedar Junction while serving a Plymouth County sentence. The Department of Corrections defendants (Doc. 22) and the Plymouth County Sheriff (Doc. 15) have separately filed motions to dismiss to which the plaintiff has not responded despite a substantial period of time within which to do so. Finding the motions well founded, I will grant both as to the federal claims apparently presented and decline to exercise supplemental jurisdiction over the state claims.

Beginning with the bedrock principle under the Eleventh Amendment that state officials - including the Plymouth County Sheriff, who is a state official under the recent state realignments of county Sheriff office responsibilities - may not

be sued for damages in federal court in their official capacities, I find further that plaintiff has not stated any claim upon which relief may be granted as to the defendants in their individual capacities nor any basis for injunctive relief as to the plaintiff, who has now completed his term of incarceration.

The plaintiff's claims as to the Sheriff fail to demonstrate any involvement in the choice to incarcerate the plaintiff at Cedar Junction.  That decision was one that rested with the Department of Corrections.

As to the Department of Corrections personnel, there is no basis to find a federal constitutional violation for such a transfer. The placement of an inmate in the DDU for a time certain as a result of a sanction following a disciplinary hearing does not constitute an atypical and significant hardship on the plaintiff in light of the ordinary incidents of prison life. *See generally*, *Sandin* v. *Conner*, 515 U.S. 472 (1995).

As to the claim of deliberate indifference to a serious medical need, a careful reading of the complaint and its attachments makes it apparent that DOC personnel were not made aware of any serious medical need requiring restrictions at the time plaintiff was placed in the DDU and that he had access to medical personnel while he was there.

Although there may be residual state law claims presented in the complaint, in the absence of any viable federal claim supporting original jurisdiction in this court, I decline under 28 U.S.C. sec. 1367(c) to exercise supplemental jurisdiction over any such claims which appear to present complex issues of state law and procedure.

Accordingly, I hereby GRANT so much of the motions (Doc. 15 and Doc. 22) as move to dismiss the federal claims that appear to be asserted in plaintiff's complaint and decline to exercise supplemental jurisdiction over the residual state claims. The Clerk shall enter a judgment of dismissal.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE